UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDINSON RENTERIA,

    Petitioner,

v.                                                      CASE NO. 8:12-cv-170-T-30TGW
                                                      CRIM. CASE NO. 8:08-cr-481-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This Cause is before the Court upon Renteria's *pro se* "Motion to Reduce a Federal Sentence Pursuant to the Immigration Fast Track Act, § 1326(a), and to the Correct Application to the United States Sentencing Guidelines, § 1B1.3., § 3B1.1." ("motion" or "§ 2255 motion") (CV Dkt. 1) attacking his sentence in case no. 8:08-cr-481-T-30TGW. Because the motion challenges the sentence in Renteria's criminal case, the Court afforded him the safeguards under *Castro v. United States*, 540 U.S. 375, 377 (2003), and directed him to advise the Court whether he wanted to proceed before this Court pursuant to 28 U.S.C. § 2255, proceed under § 2255 and amend the motion, or withdraw his motion (see CV Dkt. 2). Renteria was cautioned that this action would proceed under § 2255 on the original motion if he failed to file a timely response advising the Court of which option he wanted to pursue (Id.). Renteria filed a response to the Court's order (CV Dkt. 3). The response does not indicate that Renteria wishes to either amend or withdraw his motion (Id.). Accordingly,

the Court will characterize the motion as filed pursuant to 28 U.S.C. § 2255, and dismiss it as time-barred.[1]

The Anti-Terrorism and Effective Death Penalty Act created a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f). Because Renteria's conviction was final on July 6, 2009 (see CR Dkt. 63),[2] his limitation expired one year later, in July 2010. Pursuant to the mailbox rule,[3] Renteria's construed motion to vacate is considered filed as of January 18, 2012, which is the date he placed his construed § 2255 motion to vacate in the prison mailing system. Since the motion was filed over 17 months too late, Renteria's motion is untimely.

It appears that in his response (CV Dkt. 3), Renteria argues entitlement to equitable tolling. "[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "Generally, a litigant

---

[1]Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

[2]Because Petitioner did not appeal the judgment of conviction entered on June 19, 2009, it became final 10 business days later on July 6, 2009, and his one year limitation period within which to file a § 2255 motion ended July 6, 2010. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires).

[3]*Houston v. Lack,* 487 U.S. 266, 276 (1988) ("[T]he notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."); *Adams*, 173 F.3d at 1341 (a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing).

seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Renteria essentially admits his untimeliness (CV Dkt. 3 at 1). However, he appears to argue that he is entitled to equitable tolling because he "is a layman in matters of law and limited english [sic] literate [sic]." (Id).

First, Renteria's alleged limited ability to speak or read English does not justify equitable tolling. *See Brown v. United States*, 318 Fed. App'x 749 (11th Cir. 2008) (unpublished) (Brown's illiteracy and problem communicating either verbally or with sign-language was not an extraordinary circumstance warranting equitable tolling), and *United States v. Montano*, 398 F.3d 1276 (11th Cir. 2005) (difficulty with English justifies no equitable tolling for filing a motion to vacate). *Accord Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003). Likewise, "[t]he law is well settled that an inmate's pro se status or lack of legal knowledge does not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period." *Knight v. Sec'y, Dep't of Corr.*, 2011 U.S. Dist. LEXIS 85335, 10-11 (M.D. Fla. Aug. 3, 2011) (citations omitted).

Second, Renteria has wholly failed to establish the requisite diligence which is required to show his entitlement to equitable tolling. *See Tapanes v. McNeil*, 2011 U.S. Dist. LEXIS 15707, *15 n.8 (S.D. Fla. Jan. 18, 2011) (absent supporting evidence in the record,

a court generally cannot consider a habeas petitioner's vague and conclusory assertions) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)).

Renteria has not demonstrated that the untimely filing of his § 2255 motion was the result of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *See Kicklighter v. United States*, 281 Fed.Appx. 926, 930 (11th Cir. June 17, 2008) (unpublished opinion) ("'The statute of limitations can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'") (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2008)). Based upon the foregoing, the undersigned concludes that Renteria failed to assert any credible basis for equitable tolling of the limitations period. Therefore, the § 2255 motion is time-barred.

Moreover, even if Renteria's § 2255 motion were timely, he is not entitled to relief. Collateral relief under Section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988). Renteria challenges this Court's application of the Sentencing Guidelines, and requests a "fast track" downward adjustment of the sentencing range, non-constitutional issues that provide no basis for collateral relief. *Lynn v. United*

4

*States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998).[4]

ACCORDINGLY, the Court **ORDERS** that:

1. The "Motion to Reduce a Federal Sentence Pursuant to the Immigration Fast Track Act, § 1326(a), and to the Correct Application to the United States Sentencing Guidelines, § 1B1.3., § 3B1.1.," construed as a motion to vacate sentence pursuant to 28 U.S.C. § 2255, (CV Dkt. 1) is **DISMISSED as time-barred**.

2. The Clerk shall terminate all pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt. #71, in the underlying criminal case, 8:08-cr-481-T-30TGW.

# CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Renteria is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

---

[4]The Court notes that the United States Attorney's Office for the Middle District of Florida has no "fast track" program. *United States v. Llanos-Agostadero*, 486 F.3d 1194, 1196-99 (11th Cir. 2007) (recognizing that no "fast track" program exists in the Middle District of Florida, and that a district court is not required "to depart based on the availability of the [fast-track] departure in only some districts[]") (citation omitted). Moreover, U.S.S.G. § 5k3.1 states:

> *Upon motion of the Government*, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.

(emphasis added). Therefore, even if this district had a fast track program, the Court could not reduce Petitioner's sentence pursuant to an early disposition program unless the Government first exercised its discretion to make a motion for a downward departure. *See United States v. Calixto-Bravo*, 346 F. Supp. 2d 948, 950 (E.D. Mich. 2004) (Government's decision not to make motion for downward departure pursuant to a fast track program was not reviewable by court because decision was within U.S. Attorney's discretion).

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Renteria must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255 motion is clearly time-barred, Renteria cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Renteria is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on February 23, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro Se* Petitioner